DONALD E. MCDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket Nos. 12703-90, 16047-90
United States Tax Court
T.C. Memo 1992-586; 1992 Tax Ct. Memo LEXIS 604; 64 T.C.M. (CCH) 968; September 30, 1992, Filed *604 Appropriate orders will be issued and decisions will be entered for respondent. For Donald E. McDonald, pro se. For Respondent: Fred E. Green, Jr.
WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: These cases were consolidated for purposes of trial, briefing, and opinion and were heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined the following deficiencies in and additions to petitioner's 1984, 1985, 1986, and 1987 Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6651
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2) [1]
Sec. 6654(a)
1984
$ 1,951
$ 280.50
$  97.55
[2]
$ 57.51
1985
2,875
437.00
143.75
[2]
84.02
1986
3,310
428.50
165.50
[2]
63.62
1987
3,167
426.25
158.35
[2]
63.59
*605 The issues for our decision are: (1) Whether petitioner has presented valid arguments that he is not liable for income tax during the years in issue for reasons discussed below; (2) whether respondent correctly determined the amount of unreported income for each of the years in issue; (3) whether petitioner is liable under section 6651(a)(1) for the additions to tax for failure to file any return in the years at issue; (4) whether petitioner is liable under section 6653(a) for the additions to tax due to negligence or intentional disregard of rules or regulations; (5) whether petitioner is liable under section 6654(a) for the additions to tax for underpayment of estimated tax; and (6) whether petitioner is liable under section 6673 for a penalty for maintaining a frivolous or groundless position. Some of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Reno, Nevada, when he filed his petition. Petitioner did not file Federal income tax returns for any of the years at issue. During the years at issue, petitioner worked for Circle L, Inc. (Circle L). In 1984 petitioner received $ 14,151 *606 in wages from Circle L. In 1985 petitioner received $ 16,296 in wages from Circle L and had gambling winnings in the amount of $ 1,650 from the Plantation Casino. In 1986 petitioner received $ 19,827 in wages from Circle L. In 1987 petitioner received $ 18,392 in wages from Circle L, $ 750 in wages from United Shoppers of America, Inc., and $ 2,649 in wages from Video Station. For convenience and clarity, each issue is discussed separately. 1. Petitioner's Arguments
At trial and on brief, petitioner failed to address any of respondent's determinations. Since filing the petition in this case, petitioner has asserted various tax protester type arguments that have been previously addressed by this Court. Petitioner contends that: (1) The Commissioner's authority to collect taxes was not properly delegated from the Secretary of the Treasury; (2) the regulations, forms, and instructions used by the Internal Revenue Service (IRS) violate the Paperwork Reduction Act (PRA) because they do not have proper Office of Management and Budget (OMB) control numbers and expiration dates; and (3) respondent was required to file a return for petitioner before a valid notice of deficiency *607 could be issued. Petitioner argues that respondent lacked authority to issue a statutory notice of deficiency because the Secretary of the Treasury never delegated to the Commissioner of the IRS the authority to sign and send notices of deficiency. Pursuant to Commissioner's Delegation Order No. 77 (Rev. 24), (March 14, 1989), Treasury Department Order (TDO) No. 120 (July 31, 1950), TDO No. 150-2, (May 20, 1952), and TDO No. 150-10 (July 10, 1986), the Secretary has properly delegated general enforcement authority to the Commissioner, including the authority to sign and send statutory notices of deficiency. , affd. without published opinion ; . The TDO's do not have to be published in the Federal Register to be effective. Id.
Petitioner argues that he is not liable for the tax or additions to tax because Form 1040 and the relevant tax regulations and instructions do not have *608 OMB numbers and expiration dates as required by the PRA. He contends that the instructions and regulations are a necessary and integral part of Form 1040 and should be subject to the requirements of the PRA. These arguments and similar ones have been rejected as meritless by numerous courts. See ; ; ; ; . These arguments are frivolous and maintained primarily for delay. Since 1981, Federal income tax returns have contained OMB control numbers, and the regulations made pursuant to section 6012 "Persons Required To Make Returns Of Income", have been assigned numbers by the OMB. The failure to list expiration dates does not exempt taxpayers from complying with government regulatory requirements. ; see *609 . In any event, the 1040 Forms for the years in issue stated the applicable calendar or tax year for which the returns were to be utilized. The instructions to the Form 1040 "are subsidiary to and mere administrative appendages of the tax form", and are not subject to the requirements of the PRA. ; see Even if the IRS failed to comply with the PRA here, its failure would not prevent petitioner from being penalized. See . Petitioner contends that section 6020(b) requires respondent to file Federal income tax returns for petitioner before a valid notice of deficiency can be issued. Section 6020(b) authorizes the Secretary to execute a return from his own knowledge and from such information as he can obtain through testimony or otherwise if a taxpayer fails to file a return. However, the Court of Appeals for the Ninth Circuit, the Circuit to which an appeal of this decision lies, *610 has held that the deficiency procedures set out in sections 6211 through 6213, and the regulations thereunder, do not require the Commissioner to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency. . In the Roat case, the Ninth Circuit stated that nothing in the language of section 6020(b) and section 6211(a) suggests that they should be read together. . Where a taxpayer files no return, the deficiency can be determined as if a return had been made showing the amount of tax to be zero. ; ; ; sec. 301.6211-1(a), Proced. & Admin. Regs. Accordingly, respondent was not required to file returns for petitioner before issuing valid notices of deficiency, and the notices of deficiency at issue in this case are valid. 2. Unreported Income
Respondent *611 reconstructed petitioner's income for the years at issue using Form W-2 and Form W-2G. Respondent's method of calculation is presumptively correct, , affg. ; and petitioner has the burden of proving otherwise. Rule 142(a); . Petitioner does not contest the accuracy of respondent's method, other than to set forth various tax protester type arguments. Petitioner has presented no evidence of any deductions or credits which would be allowable for any of the years at issue. We conclude that petitioner's taxable income as reconstructed by respondent for the taxable years 1984 through 1987, is correct. 3. Additions to Tax
Respondent determined an addition to tax for failure to file a return under section 6651(a)(1) for each of the years in issue. The addition to tax is not imposed if the failure to file "is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Petitioner was well aware of his obligation to file income tax returns. Instead of presenting *612 legitimate evidence at trial as to any reason for his failure to file, petitioner advanced traditional well-worn tax protester arguments. We conclude that his failure to file tax returns was not due to reasonable cause but rather was the result of intentional neglect. Therefore, we sustain respondent's determination of the addition to tax provided by section 6651(a)(1) for each of the years in issue. Respondent determined an addition to tax for negligence for each of the years at issue. For the 1984 and 1985 tax years, section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposes an addition to tax of 50 percent of the interest due on that portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. The applicable section for 1986 and 1987 is section 6653(a)(1)(A) and (B), respectively. Petitioner bears the burden of showing respondent's determinations to be erroneous. Rule 142(a); . Based on the record in this case, it is evident *613 that petitioner intentionally disregarded rules or regulations and petitioner has failed to show otherwise. Accordingly, respondent's determinations under section 6653(a) are sustained. Respondent determined an addition to tax under section 6654(a) for underpayment of estimated tax for each of the taxable years at issue. Where prepayments of tax, either through withholding or by quarterly estimated tax payments, do not equal the percentage of total liability required under the statute, imposition of this addition applies, unless the taxpayer shows that one of several statutory exceptions comes into play. Sec. 6654(a); . Petitioner failed to introduce any evidence on this issue. Accordingly, we sustain respondent's determination as to the section 6654(a) addition to tax. Rule 142(a); . 4. Penalty Under Section 6673
Whenever it appears to this Court that a taxpayer's position in a proceeding is frivolous or groundless, or that the proceeding was instituted or maintained by the taxpayer primarily for delay, a penalty *614 in an amount not in excess of $ 25,000 may be awarded to the United States by this Court in its decision. Sec. 6673(a)(1). We find that petitioner's conduct compels the awarding of a penalty to the United States under section 6673(a)(1). See . Petitioner continues to raise the same unfounded tax protester arguments which we have repeatedly rejected. Respondent's motion will be granted, and we will require petitioner to pay to the United States a penalty of $ 5,000. Appropriate orders will be issued and decisions will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax years at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. The applicable section for 1986 and 1987 is 6653(a)(1)(A) and (B), respectively. ↩
2. 50 percent of the interest due on the amount of the deficiency attributable to negligence.↩